UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>HOWIE SALETELE ALUALU,<br><br>　　　　　　　　Defendant. | CASE NO. CR19-0215JLR<br><br>ORDER GRANTING MOTION TO PROCEED WITH GUILTY PLEA HEARING BY VIDEO CONFERENCING |

## I.   INTRODUCTION

Before the court is Defendant Howie Saletele Alualu's motion to proceed with his guilty plea by video conferencing. (Mot. (Dkt. # 26).) The court has considered the motion, Plaintiff United States of America's ("the Government") opposition (Resp. (Dkt. # 27)), the record, and the applicable law. Being fully advised, the court GRANTS Mr. Alualu's motion.

//

//

ORDER - 1

## II.   BACKGROUND

Mr. Alualu's trial was set for April 13, 2020. (*See* 11/26/19 Order (Dkt. # 17) at 2.) However, due to the public health emergency caused by the coronavirus disease 2019 ("COVID-19") pandemic, on March 17, 2020, the United States District Court for the Western District of Washington issued General Order No. 02-20. *See* General Order ("GO") No. 02-20 (Mar. 17, 2020). That order continued all criminal matters scheduled prior to June 1, 2020, pending further order of the court. (*See id.* at 2.) On that basis, the court granted the parties' joint motion to continue the April 13, 2020, trial date. (*See* 1st MTC (Dkt. # 21); 3/27/20 Order (Dkt. # 22).) The court further continued the trial date based on General Order No. 07-20, which continued all criminal matters another 30 days, and set Mr. Alualu's status hearing for July 1, 2020. *See* GO No. 07-20 (Apr. 13, 2020); (4/24/20 Order (Dkt. # 24)). This district subsequently issued General Order No. 08-20 on May 13, 2020, which continued criminal in-person hearings and trial dates until at least August 3, 2020. GO No. 08-20 (May 13, 2020).

In the meantime, the parties reached an agreement to resolve this case. (*See* Mot. at 1; Resp. at 2.) The parties' agreement requires Mr. Alualu to plead guilty as charged to the charge of Felon in Possession of a Firearm in exchange for the Government's agreement to recommend no more than the low end of the sentencing guidelines range. (*See* Resp. at 2.) Mr. Alualu now asks the court to set a plea hearing that the parties may attend remotely by video conference so that he can enter the plea contemplated by the parties' agreement. (*See* Mot. at 3.)

//

|  |  |
|---|---|
| 1 | **III.   ANALYSIS** |
| 2 | The Federal Rules of Criminal Procedure make no provision for a defendant to |
| 3 | enter a guilty plea except while in open court.  *See generally* Fed. R. Crim. P.  Due to the |
| 4 | COVID-19 pandemic and the public health emergency, Congress enacted the |
| 5 | Coronavirus Aid, Relief, and Economic Safety Act ("CARES Act"), which provides that |
| 6 | certain criminal proceedings may proceed by video teleconferencing during the |
| 7 | COVID-19 national emergency, including a guilty plea in a felony case.  *See* CARES Act |
| 8 | § 15002.  To do so, the Judicial Conference of the United States first must find that the |
| 9 | COVID-19 emergency will materially affect the functioning of the federal courts |
| 10 | generally or a particular court.  *Id.* § 15002(b)(2)(A).  It has done so.  *See* Administrative |
| 11 | Office of the United States Courts, Judiciary News, *Judiciary Authorizes Video/Audio* |
| 12 | *Access During COVID-19 Pandemic* (Mar. 31, 2020), |
| 13 | https://www.uscourts.gov/news/2020/03/31/judiciary-authorizes-videoaudio-access- |
| 14 | during-covid-19-pandemic. |
| 15 | On March 30, 2020, Chief Judge Ricardo S. Martinez fulfilled the second |
| 16 | requirement of the CARES Act for permitting guilty plea hearings via video |
| 17 | teleconferencing when he entered a finding "that felony pleas under Rule 11 of the |
| 18 | Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal |
| 19 | Rules of Criminal Procedure cannot be conducted in person without seriously |
| 20 | jeopardizing public health and safety."  *See* GO No. 04-20 (Mar. 30, 2020) at 2; *see also* |
| 21 | CARES Act § 15002(b)(2)(A). |
| 22 | // |

1       Third, the CARES Act requires that the district court in the particular case must

2 find "for specific reasons that the plea . . . in that case cannot be further delayed without

3 serious harm to the interests of justice." *See* CARES Act § 15002(b)(2)(A); *see also* GO

4 No. 04-20. Accordingly, the court finds that because Mr. Alualu and the Government

5 have reached an agreement concerning his plea, the plea hearing in this case "cannot be

6 further delayed without serious harm to the interests of justice." *See* CARES Act

7 § 15002(b)(2)(A). Absent intervention, Mr. Alualu would not be able to participate in a

8 guilty plea hearing until at least August 3, 2020, *see* GO No. 08-20 at 2, despite having

9 had his April 13, 2020, trial date stricken due to the COVID-19 emergency (*see* 3/27/20

10 Order). Accordingly, the court GRANTS Mr. Alualu's motion to proceed with his guilty

11 plea hearing via remote means. The Government and Mr. Alualu request that the hearing

12 be conducted via a video conference instead of merely via a teleconference. (*See* Mot. at

13 2; Resp. at 4.) The court agrees and so ORDERS. The court further ORDERS that Mr.

14 Alualu's guilty plea hearing be conducted before a Magistrate Judge and that the Clerk

15 set the video teleconference hearing as soon as is practicable.

16 //

17 //

18 //

19 //

20 //

21 //

22 //

## IV. CONCLUSION

Based on the foregoing analysis, and within the specific parameters set forth above, the court GRANTS Mr. Alualu's motion to proceed with a guilty plea hearing via video conference before a Magistrate Judge (Dkt. # 26).

Dated this 2nd day of June, 2020.

JAMES L. ROBART
United States District Judge

ORDER - 5